(97 App. Div. 114.)

## CUMMINGS v. KENNY et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.

Labor Law, § 18 (Laws 1897, p. 467, c. 415), provides that a person employing or directing any kind of an erection shall not furnish, for the performance of labor, unsafe ladders, etc. Plaintiff was employed as a hod carrier in the construction of a building, and was directed to carry bricks in a hod from one floor to another, using a ladder provided by defendants for that purpose. After plaintiff had worked for a few hours, one of the rounds of the ladder broke, and plaintiff sustained injuries. *Held* that, under such section, the breaking of the ladder raised a presumption of defendant's negligence, entitling plaintiff to go to the jury.

Appeal from Trial Term, Kings County.

Action by Patrick Cummings against Christopher J. Kenny and another. From a judgment dismissing plaintiff's complaint at the close of his case, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Benjamin F. Norris, for appellant.
John B. Doyle, for respondents.

WOODWARD, J. The evidence was sufficient that a jury might have found that the plaintiff, a hod carrier, was employed by the defendants in the construction of a building, and that he was placed at work carrying bricks in a hod from one floor to another above it, using a ladder for this purpose; that the defendants supplied this ladder; and that, after the plaintiff had been at work a few hours, one of the rounds of this ladder broke under him, resulting in a partial fall, and injuries of which he here complains. This, under the provisions of section 18 of the labor law (chapter 415, p. 467, Laws 1897), makes a prima facie case of negligence on the part of the defendants, and we think the granting of a motion to dismiss was error. The duty of the master, under the provisions of the labor law, is to use reasonable care to fur-

nish safe appliances. It is a duty which the master cannot delegate, and, when a ladder, scaffold, or other appliance mentioned in the statute breaks while in use for the purposes for which it was designed, it raises a presumption of negligence, which, unexplained, justifies a recovery. Stewart v. Ferguson, 52 App. Div. 317, 318, 65 N. Y. Supp. 149, and authorities there cited; s. c., 164 N. Y. 553, 58 N. E. 662.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.