SMITH v. GREEN FUEL ECONOMIZER CO. OF MATTEAWAN.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—EVIDENCE.

Evidence in an action to recover for the death of deceased by falling from a ladder while adjusting machinery examined, and *held* insufficient to warrant the submission of the case to the jury.

2. SAME—DEFECTIVE GOODS—KNOWLEDGE OF DEFECTS.

A recovery may not be had for injuries received by deceased by falling from a warped and defective ladder, when he had previously used the ladder and was competent to judge of its safety; the rule making employers responsible for the selection of safe and suitable appliances not applying to simple tools like a ladder, the safety of which the employé may readily determine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 706–709.]

3. SAME—CONTRIBUTORY NEGLIGENCE—SELECTION BY SERVANT.

There can be no recovery for injuries to an employé by falling from a warped ladder because of such defect, when the employé himself selected the defective ladder from a number not defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 706–722.]

4. TRIAL—INSTRUCTIONS—PLEADING—EVIDENCE.

In the absence of an allegation that deceased's death was caused by the greasy condition of the floor, or of evidence that the floor was unnecessarily or dangerously greasy, an instruction to the jury under which they could find for plaintiff on that ground was error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 587–595.]

Appeal from Trial Term, Dutchess County.

Action by Maggie Smith, as administratrix of Joseph Smith, against the Green Fuel Economizer Company of Matteawan, N. Y. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for appellant.

Charles Morschauser, for respondent.

GAYNOR, J. The deceased, an expert machinist, worked in the defendant's machine shop. He put a ladder up against a shafting and went up to put a belt on a revolving pulley. He leaned his body over to the right away from the ladder, and with his extended right hand was trying to force the belt on the pulley, when the ladder tipped sidewise and threw him upon the shaft and to the floor, killing him. In place of moving the ladder over close to the pulley, the deceased leaned over so far that he tipped the ladder over. There was nothing to go to the jury, and the motion to dismiss should have been granted. There was some evidence that the ladder was to some extent warped, so that it was not so exactly true that if you put it up against a wall all four points would touch at once; but the accident did not happen from that. Moreover, the deceased had been in the habit of using the ladder and was as competent as anyone else to say it was safe. The rule of em-

ployer's liability applicable to complicated and dangerous machinery does not apply to simple things like ladders (Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Cunningham v. Peirce, 112 App. Div. 65, 98 N. Y. Supp. 60; Hart v. Village of Clinton, 115 App. Div. 761, 100 N. Y. Supp. 1092); and also there were other ladders present for use that were not warped, and the deceased should have taken one of them if the one he used was really unfit (McConnell v. Morse Co., 187 N. Y. 341, 80 N. E. 190, 10 L. R. A. [N. S.] 419).

There was some evidence about the floor of the shop being to some extent greasy, but only as is necessarily the case in all machine shops; and yet the learned trial judge spoke of that to the jury, and apparently left them to find a verdict for the plaintiff on that ground; but the accident did not happen from a greasy floor, nor is there any allegation in the complaint that it did, nor was there any proof that the floor was dangerous from grease.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.