### KELLY v NATIONAL STARCH CO.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—LABOR LAW—LADDERS.

Notwithstanding Labor Law (Laws 1897, c. 415) § 18, providing that one employing another to perform labor in the erection or repair of a building shall not furnish or erect for the performance of such labor "scaffolding * * * ladders or other mechanical contrivances," which are unsafe, unsuitable, and improper, and not so constructed, placed, and operated as to give proper protection to the employé, the rule that an employer is not liable for injuries to employés from use of a simple appliance applies and prevents recovery, where a ladder 13 or 14 feet long, used to go up a distance of 12 feet, and consisting of cleats mortised on two side rails, bent over sidewise, and threw an experienced laborer, when he was but a short way from the bottom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

Kruse, J., dissenting.

Appeal from Trial Term, Oswego County.

Action by Charles Kelly against the National Starch Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Elisha B. Powell, for appellant.

Morehouse, Mizen & Morehouse, for respondent.

WILLIAMS, J. The judgment should be reversed and a new trial granted, with costs to appellant to abide event.

The action was for negligence. The plaintiff was an employé of defendant, and was injured by falling from a ladder. It was claimed the sides of the ladder were not strong enough, and, when plaintiff was going up, it bent over sideways, and he was thrown down and quite seriously injured. The ladder was 13 or 14 feet long, and was being used to go up a distance of 12 feet.

The action was brought under the labor law (Laws 1897, c. 415). Section 18 provided:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure, shall not furnish or erect or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances, which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life or limb of the person so employed or engaged."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There seems to be no question but that the labor being performed by plaintiff was in the erection, repairing, or altering of a house, building, or structure. The jury could very likely find that the ladder was unsafe, unsuitable, and improper, and not so constructed as to give proper protection to life and limb, and under this statute the defendant therefore might be regarded as negligent. Under Cummings v. Kenny, 97 App. Div. 114, 89 N. Y. Supp. 579, there was an accident to a hod carrier using a ladder in his work. One of the rounds broke, and let him fall, and the action was for his injuries. There was a nonsuit, which was reversed in the Second Department Appellate Division, Woodward, J., writing the opinion. The decision turned mainly upon the failure to show how the round came to break. The Appellate Court held, though the cause of the breaking was unexplained, still under section 18 of the labor law a prima facie case was made out, and a nonsuit was improper. This is the only ladder case to which my attention has been called decided under the labor law. But in Hart v. Village of Clinton, 115 App. Div. 761, 100 N. Y. Supp. 1092, an employé fell from an extension ladder. We reversed a judgment in his favor, applying the principle that a master is not generally liable for injuries resulting from a simple appliance. Spring, J., said:

"The plaintiff was a man of mature age. He had been working for this defendant about four weeks. * * * He was familiar with the use of the extension ladder. It was a simple contrivance. He knew as much about it and its use as Adams did (the superintendent). It is not claimed he needed to be instructed. It has been repeatedly held that, if injuries befall an employé from the use of a simple implement or contrivance of this kind, the master is not liable. Marsh v. Chickering, 101 N. Y. 396, [5 N. E. 56], and other cases."

In Smith v. G. F. Econ. Co., 123 App. Div. 672, 108 N. Y. Supp. 45, an employé fell from a ladder upon a shaft, and the Second Department Appellate Division reversed the judgment in his favor, applying the same rule laid down by Spring, J., above, and citing that case and the cases therein referred to. And in McMillan v. Minetto S. C. Co., 134 App. Div. 28, 117 N. Y. Supp. 1081, an injury to an employé resulted from a fall caused by a cleat upon a board working loose in its use. He could have observed the loosening of the cleat and have tightened it up. We reversed the judgment in his favor; Spring, J., saying:

"The implement he used was a simple contrivance, and the work he did with it was not complicated or difficult to comprehend. * * * We appreciate the rule which requires the master to furnish suitable appliances for his servant. * * * It has, however, often been held that a master is not liable in damages for injuries to is employés resulting from the use of a simple implement"—citing 115 and 123 App. Div., 100 and 108 N. Y. Supp., above.

Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56, cited and relied upon for the principle of a "simple appliance" in the foregoing cases, was a ladder case. The employé was using the ladder for lighting gas lamps. It slipped and threw him down. The court held there could be no recovery, and very fully considered the reason for the application of the principle of "simple appliance." I think notwithstanding the labor law that the principle referred to and applied in the cases

above cited is applicable here, and should avoid a recovery by the plaintiff. This ladder was a very simple one, cleats mortised in upon. the two side rails. None of these cleats nor any part of the ladder was broken at the time of the accident. If there was any bending of the ladder at all, if that was the cause of the accident, one side rail could not have bent alone. The whole ladder must have bent together. The plaintiff was an experienced laborer, a foreman, and he could observe and know that the ladder was weak as well as the defendant could. He was up but a little way from the bottom when the ladder went over and threw him down. As he went along up he could see and feel the strength of the ladder, and, if it was not steady or solid enough, he should not have used it, was negligent in using it, and assumed the risk of its falling with him. The bottom of the ladder rested on a roof which was not level. The top rested against the edge of the roof board. It seems to me that the accident was more likely to have occurred from the improper, careless use of the ladder by the plaintiff than from any defect or weakness in it, that the plaintiff permitted the top to slip off the edge of the roof board on one side and tip over so that he fell, but the jury have found that the accident resulted, not from the careless improper use of it by the plaintiff, but from its defective condition. I think nevertheless that the defendant could not be held liable under the cases cited. Either the principle of a simple appliance was applicable or else the plaintiff was guilty of contributory negligence or assumed the risk. A recovery should not be upheld in a case of this kind. All concur, except KRUSE, J., who dissents in a memorandum.

KRUSE, J. (dissenting). I agree that the evidence was sufficient to carry the case to the jury, but go further. I think the questions of fact were fairly determined by the jury, and that its verdict should not now be disturbed. In none of the cases cited in the prevailing opinion is the scaffold statute (now incorporated in the Labor Law; Laws 1897, c. 415, § 18) involved, save one (Cummings v. Kenny, 97 App. Div. 114, 89 N. Y. Supp. 579); and there the judgment upon the nonsuit was reversed.

The duty to see that the ladder was safe devolved upon the plaintiff. As was said by Judge Werner in Caddy v. Interborough Rapid Transit Co., 195 N. Y. 415, 419, 88 N. E. 747, 748:

"Whenever a scaffold is furnished or caused to be furnished by an employer to be used in erecting, repairing, altering, or painting a house, building or structure, it must be safe, suitable, and proper, or the employer is liable."

The statute includes ladders as well as scaffolds.

While, of course, the statute does not take out of the case the questions of contributory negligence and assumption of risk, those questions, I think, were for the jury and properly decided. At all events, I think their verdict is not so against the weight of evidence as to require or warrant setting it aside.