## SHUTE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    March 15, 1912.)

1. MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—DEFECTIVE APPLI-
ANCES.

Labor Law (Consol. Laws 1909, c. 31) § 18, requiring an employer to fur-
nish safe ladders in the erection, repair, or alteration of any building,
applies only to an employer putting men at work where ladders are nec-
essary, and does not apply to a city employing surveyors to run cross-
country lines, and it is not liable for injuries received by the breaking of
a ladder found leaning against a building while a surveyor was climbing
it to reach the top of a building to make triangulations.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207;
Dec. Dig. § 116.*]

2. MASTER AND SERVANT. (§ 116*)—INJURY TO SERVANT — DEFECTIVE APPLI-
ANCES.

To authorize a recovery, under the Employer's Liability Act (Consol.
Laws 1909, c. 31, §§ 200–204), for injuries to employés, it is necessary to
show that the ways, works, or machinery used in the business of the
employer were defective, and a city employing surveyors to run cross-
country lines owes no duty to the surveyors to furnish them a ladder
to enable them to reach the top of a building to make triangulations,
and it is not liable for injuries caused by the breaking of a ladder found
on private property while used to reach the top of a building.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207;
Dec. Dig. § 116.*]

3. MASTER AND SERVANT (§ 259*)—INJURY TO SERVANT—NEGLIGENCE OF SU-
PERINTENDENT—COMPLAINT.

A complaint, in an action for injuries to a servant of a city engaged in
running cross-country lines, which alleges that through the negligence
of the city and its servants, exercising superintendence or acting as su-
perintendent, the servant was injured, and which does not aver that the
alleged superintendent was intrusted with superintendence, or that his
sole and principal duty was that of superintendence, does not state a
cause of action under the Employer's Liability Act (Consol. Laws 1909,
c. 31, §§ 200–204), making a master liable for injuries caused by negligence
of any person intrusted with and exercising superintendence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 837–
843; Dec. Dig. § 259.*]

Appeal from Trial Term, Queens County.

Action by William Shute against the City of New York. From a
judgment for plaintiff and from an order denying a motion for new
trial on the minutes, defendant appeals. Reversed, and new trial
granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

Terence Farley (Harry Crone, on the brief), for appellant.
Jeremiah A. O'Leary, for respondent.

WOODWARD, J.  The plaintiff has framed his complaint upon a
rather confused conception of the Employer's Liability Act, and the
case appears to have gone to the jury in harmony with the complaint.
After setting out the time of the accident, the complaint alleges:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

That the plaintiff was in the employ of and working for the said defendant in a certain surveying corps at or near certain premises known as the Prairie Grass Furniture Company, at Glendale, Long Island, city of New York. And that "at the time and place aforesaid, plaintiff, through the negligence of the defendant and its servants exercising superintendence or acting as superintendent, was severely injured," etc. And that "on information and belief, the aforesaid negligence of the defendant and its servants consisted in furnishing and maintaining defective ways, works, and other appliances connected with or used in the business of the said defendant; in failing to see and maintain the said ways, works, or other appliances in a safe and proper condition; in failing to furnish plaintiff with a safe place in which to work, in failing to warn the plaintiff of the defective and dangerous condition thereof, and directing the plaintiff to work thereon; in furnishing plaintiff with an insecure, unsafe, and defective ladder; and in failing to properly inspect, discover, remedy, and maintain the same so that plaintiff could safely and securely perform his work."

The complaint then alleges that by reason of the aforesaid premises and the result thereof, the said ladder upon which plaintiff was engaged broke, and plaintiff was thrown or caused to fall a distance of about 12 feet, receiving bodily injuries as aforesaid. Then the service of the notice required by the statute is set up, and the plaintiff demands judgment.

[1] A ladder at common law is a simple appliance, which the servant uses with the same degree of responsibility that he handles a lever, a wheelbarrow, or any other simple contrivance, and the only modification of this rule is to be found in the provisions of section 18 of the Labor Law, which provides that:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection," etc.

Obviously, the present case does not come within the statute, for it appears here that the plaintiff was a part of a corps of surveyors, running lines across country, in no wise connected with the construction of any building. A ladder is a tool or appliance, and it is the duty of the master, having occasion to put men at work where such appliances are necessary, to use reasonable care to supply suitable tools and appliances. But in the case at bar the plaintiff was a part of a surveying corps. No ladders were furnished by the defendant, for the obvious reason that ladders do not, generally speaking, constitute a part of the equipment of a surveying party engaged in running cross-country lines. It happened, however, that on the day of the accident a certain building stood in the way; that it became necessary to get upon the top of the building, to make triangulations; and that one of the party, who is alleged to have been the defendant's superintendent, finding a ladder against the building, suggested or ordered that the plaintiff, with others who had preceded him, should climb this ladder and carry up the surveying implements. The plaintiff, with an appliance weighing about 35 pounds, attempted to climb the ladder, and when a portion of the way up one of the rounds of the ladder gave way, and when he grabbed at a second round to save

himself, this likewise gave way, and the plaintiff fell to the ground, sustaining injuries.

[2] Of course, at common law there could be no recovery, for the master did not furnish the ladder, and owed no duty to furnish a ladder, and the alleged direction of the so-called "superintendent" would be merely the negligence or the error in judgment of a fellow servant. Under the Employer's Liability Act, it is necessary to show that the ways, works, or machinery connected with or used in the business of the employer were defective, or that the accident was produced by "the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer." Obviously this ladder was not furnished by the master, but presumptively by the owners of the building, upon private property, where it was found and made use of, just in the sense that a fence, or a platform, or an elevation of ground, or any other physical condition come upon in the course of the survey would have been used. Being a common-law appliance, and being one of the hundreds of physical conditions encountered in the survey, the defendant could not be said to use it in its business, and the contention upon this point is absurd.

[3] There is no allegation in the complaint bringing the case within the language of the statute, in so far as it relates to the alleged negligence of the superintendent. The allegation of the complaint is not that the accident was due to the negligence of a "person in the service of the employer, intrusted with and exercising superintendence whose sole or principal duty is that of superintendence," or that, such superintendent being absent, it was through the negligence of "any person acting as superintendent with the authority or consent of such employer." It is merely alleged that, "through the negligence of the defendant and its servants exercising superintendence or acting as superintendent," the plaintiff was injured. There is no allegation that the alleged superintendent was "intrusted with" superintendence, or that this "sole or principal duty" was that of superintendence, and the evidence does not supply this defect. The case is therefore not within the act which is invoked to aid the plaintiff to recover, and it was error to submit the case to the jury.

This conclusion makes it unnecessary to consider the alleged error in the charge of the court.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.