## COONEY v. CENTRAL DREDGING CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. **MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—DEFECTIVE LADDER.**
   A ladder affording the only means of access to a dredge on which plaintiff was working was placed on uneven ground. It was not fastened either at top or bottom. After being used for one or two weeks by defendant's employés, plaintiff attempted to descend from the dredge by means of the ladder, when it slipped, and he fell and was injured. *Held* sufficient to show a failure of the master to furnish a ladder so placed as to give protection to life and limb of its employés, as required by Labor Law (Consol. Laws 1909, c. 31) § 18.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

2. **MASTER AND SERVANT (§ 114*)—INJURIES TO SERVANT—DEFECTIVE "WAYS."**
   The ladder having been used for from one to two weeks by defendant's employés in passing from the ground to the dredge, it could have been properly found to be a part of defendant's "ways" within Labor Law (Consol. Laws 1909, c. 31) § 200, providing that the employer should be liable for an injury caused to an employé by reason of any defect in the "ways" connected with the business of the employer which arose from or which had not been remedied owing to the employer's negligence, etc.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 179, 200; Dec. Dig. § 114.*]

   For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7421.]

   Houghton and Betts, JJ., dissenting.

Appeal from Trial Term, Warren County.

Action by John Cooney against the Central Dredging Company. Plaintiff was nonsuited, and he appeals. Reversed, and new trial granted.

Argued before KELLOGG, BETTS, LYON, and HOUGHTON, JJ.

Chambers & Finn, of Glen Falls (Daniel J. Finn, of Glens Falls, of counsel), for appellants.

Rosendale & Hessberg, of Albany (Peter A. Delaney, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, J. From the evidence the jury would have been justified in finding that the defendant was injured by falling or jumping from a ladder placed against the defendant's dredge. The ladder was about 12 feet long, securely made. One end rested on the

top of the dredge; the other upon the ground about six feet from the dredge. The ground was uneven, sloping lengthwise the dredge, so that, while a foot of the ladder rested upon the ground, the other would not touch the ground, and to secure it a block about 15 inches long and 3 inches thick and 6 inches wide was placed under the other leg, so that the ladder would rest evenly against the dredge. There was no fastening at the top or bottom of the ladder. It had been used in the same place for a week or two, and from 50 to 100 men had gone up and down in it in going to and from their work on the dredge. No other means of access was provided for the men to ascend from the ground to the top of the dredge. The dredge was being rebuilt. The plaintiff was directed by the defendant's foreman to go upon the dredge and do some caulking, and carried his tools with him; the superintendent accompanying him. After working some time, when descending the ladder with his tools in a keg under one arm and a camp chair in the other, the ladder slipped. He pulled it back into place and went down another step, and it slipped again, slipping off the block at the bottom. The plaintiff jumped or fell backwards when he was about eight feet from the ground, and sustained certain injuries. He was nonsuited, apparently upon the authority of Kelly v. National Starch Company, 142 App. Div. 286, 126 N. Y. Supp. 979. I do not think that case is conclusive here.

[1] Upon the evidence I think the jury would have been justified in finding that the defendant did not furnish a ladder so placed as to give protection to the life and limb of its employé as provided by section 18 of the Labor Law.

[2] The ladder having been used in the same place and in the same position for one or two weeks for the defendant's employés to pass from the ground to their work, the jury may well have considered it a part of the ways of the defendant under section 200 of the Labor Law. We may infer that the ladder in the Kelly Case was not permanently placed by the defendant for the general use of its men in passing to their work, but was a ladder in use for general purposes wherever a ladder might be required. For that reason the court treated it as an appliance for use rather than as a ladder forming a part of the structures or ways of the defendant.

We are not considering the merits of the case or the sufficiency of the evidence, but only hold that with the most favorable view of the evidence it was a question for the consideration of the jury in the first instance. The judgment should therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON and BETTS, JJ., dissenting.