MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 179*—*essentials to entitle undisclosed principal to sue on contract made by agent.* To warrant an action by an undisclosed principal based on a contract made by the agent, it must appear (1) that the contract was made on behalf of the principal; (2) that there is mutuality in the contract between the principal and the one who deals with the agent, so that the contract can be enforced against the principal when he is discovered; and (3) that the principal has the right to perform the contract.

2. PRINCIPAL AND AGENT, § 179*—*when principal cannot maintain action on contracts made by agent.* Where an agent of another spends his time serving others or in making contracts of his own disconnected with the line of his employment, the principal may have an action against the agent, but there is no privity between the principal and those with whom the agent deals in independent matters that will warrant an action in the name of the principal based thereon.

---

### Thomas Nosal, Appellee, v. International Harvester Company, Appellant.

### Gen. No. 18,827.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with findings of fact. Opinion filed June 24, 1914.

### Statement of the Case.

Action by Thomas Nosal against the International Harvester Company to recover for personal injuries received by plaintiff by reason of the breaking of a defective ladder which he was using while in the employment of defendant. The declaration charged that defendant furnished to plaintiff to use in his work a defective ladder; that defendant negligently failed to

make a reasonable inspection of the ladder and that defendant failed to use ordinary care to discover defects therein and failed to warn plaintiff of such defects of which it had, but of which plaintiff did not have, notice. From a judgment in favor of plaintiff for one thousand two hundred and fifty dollars, defendant appeals.

DAVID A. OREBAUGH, for apellant; EDGAR A. BANCROFT, of counsel.

ROYAL W. IRVIN and FRANK W. KORALESKI, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 380*—*when servant assumes risk of defects in ladder.* Where a ladder, which is a simple and ordinary tool, the nature of which is easily understood, is used by a servant who is familiar with it, the servant in using the same is conclusively presumed to assume the risk of all defects therein, whether patent or latent and whether the master knows of such defects or could have known of them by the exercise of reasonable care or not.

2. APPEAL AND ERROR, § 1699*—*when party not bound by theory of case adopted by his instructions.* A defendant, by procuring an instruction to be given according to a certain theory of the defense, does not commit himself to the proposition of law contained therein as the law of the case where another theory had been persisted in, and insisted on, until the court by denying a peremptory instruction compelled defendant to either adopt the theory of the court or abandon all further defense of the case.

3. APPEAL AND ERROR, § 1699*—*when right to review ruling of court on motion for peremptory instruction not waived.* After an adverse ruling on a motion for a peremptory instruction, to which exception is duly preserved, a defendant may proceed with his defense on the theory of the law adopted by the court without waiving his right to have the rulings of the court thereon reviewed on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.