SHERMAN v. BARTHWELL.

1. NEGLIGENCE—MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—BURDEN OF PROOF.

While a defendant employer who has not elected to come under the Michigan workmen's compensation act was thereby deprived of the defenses of contributory negligence and assumed risk, a plaintiff employee is not relieved of the burden of proving negligence on the part of defendant (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—BURDEN OF PROOF—EVIDENCE—DRUG STORE FLOOR.

In action by waitress in drug store for injuries to ankle alleged to have been sustained when she fell because of defective floor in defendant employer's store, plaintiff failed to sustain her burden of proving defendant had been negligent in maintaining the floor.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 4, 1945. (Docket No. 42, Calendar No. 42,679.) Decided February 20, 1945.

Case by Odessa Sherman against Sidney Barthwell, doing business as Barthwell Drug Company, for personal injuries and other damages sustained when she fell while being employed in defendant's drug store. Judgment for defendant. Plaintiff appeals. Affirmed.

*Frank Schwartz* (*Samuel H. Rubin*, of counsel), for plaintiff.

*Loomis, Jones, Piper & Colden* (*George Stone*, of counsel), for defendant.

STARR, C. J. Plaintiff appeals from a judgment for defendant entered by the trial court sitting without a jury.

In her declaration plaintiff alleged that while employed by defendant in his drug store in Detroit, she fell and sustained a "severe fracture of her right ankle," and that such injury resulted from defendant's negligence in failing to provide her with a safe place to work. Defendant answered, denying the alleged negligence and that plaintiff was entitled to recover for the injury complained of. At the conclusion of all proofs the trial court entered judgment for defendant. Plaintiff's only contention on this appeal is that the judgment was against the preponderance of the evidence.

Defendant had not elected to come under the Michigan workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]) and was thereby deprived of the defenses of contributory negligence and assumed risk. However, this did not relieve plaintiff from the burden of proving negligence on the part of defendant. *Rule* v. *Giuglio,* 304 Mich. 73 (145 A. L. R. 537); *Kelley* v. *Brown,* 262 Mich. 356.

Plaintiff, who was about 28 years old, testified that she was employed as a waitress in defendant's

drug store; that on July 22, 1941, while carrying a heavy tray of dishes, she stepped on a defective board in the floor; that her foot went through the floor; and that she fell, fracturing her *right ankle.* She further testified that after the accident she was taken home, and the next day called a doctor, who bandaged her ankle and advised her to go to Receiving hospital for an X-ray examination. She said that she went to the hospital, that X-rays were taken of her *right ankle,* and that while at the hospital her ankle was placed in a plaster cast. She testified that she then went home and remained in bed for about two weeks, that at the end of six weeks she returned to the hospital and had the cast removed, and that she did not work while the cast was on her ankle. She said that she returned to work the latter part of September, 1941, and continued working for only two or three weeks. She claimed that her ankle continued to bother her and that prior to the trial she had been able to work only part time. A doctor who attended plaintiff at her home and at his office substantially corroborated her testimony as to the extent of her injury and the fact that her ankle was in a cast. She testified that in May, 1942, she went to the University hospital at Ann Arbor, where she remained for three weeks and was given electrical, massage, and X-ray treatments. Her testimony regarding her trip to Ann Arbor was corroborated by a witness who accompanied her.

During the trial plaintiff called an employee of Receiving hospital, who testified regarding the hospital records relating to plaintiff. The employee testified that there was no record of an X-ray examination of plaintiff in July, 1941, or that a cast had been applied to her right ankle. This witness

further said that the hospital record indicated that plaintiff was admitted November 25, 1941, for first aid; that an X-ray was taken of her *left foot* (not of the right ankle as claimed by plaintiff), and that such X-ray showed no evidence of fracture. The hospital record, which was put in evidence, read as follows: "Injured left ankle, August 1; X-ray negative, foot fracture; no bone tenderness; normal. * * * Liniment and hot soaks. Return of [if] future trouble."

The situation is confused by plaintiff's testifying on cross examination that she "didn't ask for a picture, but the picture was taken through instructions of the attorney," and further by the statement of her attorney during the trial that "it now develops it was a sprain." The record shows that the trial court adjourned the hearing to give plaintiff an opportunity to examine the records of Receiving hospital and present further evidence in explanation of the apparent conflict between her testimony and the hospital record. No further records or testimony were produced on this point. Although plaintiff testified as to the amount of her doctor's charges and as to the charges of Receiving hospital and Ann Arbor hospital, no bills or statements were presented in evidence.

Plaintiff testified that several weeks before the accident both she and the store manager had informed defendant that the floor was weak and dangerous. Defendant denied that the floor in his store was defective. He also said that he had no report or notice that plaintiff claimed damages for alleged injuries until he received a letter from her attorney in May, 1942. The manager of defendant's store, who was present at the time of the alleged accident, testified in part:

"*Q.*   *   *   *   Do you have any recollection of this time of an accident that occurred to Miss Odessa Sherman on or about July 22, 1941?

"*A.*   No, I do not.   I just have no recollection of the exact date, but I do recall   *   *   *   of her stumbling.   *   *   *

"*Q.*   How do you happen to recall such an incident?

"*A.*   Well, the way the tray of dishes she had scattered over the floor.

"At that time I was in charge of the store.   There was not anything done at that time; just picked up the dishes, that is all I recall.   I do not recall having received personally any complaint from Miss Odessa Sherman at that time, or later, that she had either fractured or severely sprained her right ankle.   *   *   *

"It did not seem to be an accident at the time. *   .*   *

"I did not see any hole in the floor after the dishes were broken that night.   I did not see her get injured in any way."

The store manager further testified that there may have been some loose boards in the floor, "but they were not loose enough to give any wobbling about, or moving."   A registered pharmacist, who was employed in defendant's store but who was not on duty at the time of plaintiff's alleged accident, testified that he did not see any hole in the floor and that he heard no complaint of injury by plaintiff. A girl who worked with plaintiff in the store at the time of the alleged accident testified, "I don't know whether she fell or not.   I just know she twisted her ankle."

It should be recalled that plaintiff testified that her right ankle was in a cast and that she was unable to work for about six weeks.   In refutation of such statement defendant introduced his payroll

book in evidence, which indicated that plaintiff worked in the store a total of eight days during the two weeks immediately following the alleged accident and that she worked continuously from September 2 to December 1, 1941, and received pay for all such work.

It would serve no purpose to discuss further the conflicting and irreconcilable testimony relating to the condition of the floor in defendant's store and plaintiff's alleged accident and injury. The trial court, who saw and heard the parties and their respective witnesses, was in a better position to judge the credibility of and weight to be given their testimony. After careful examination of the record we agree with the trial court's conclusion that plaintiff failed to sustain the burden of proof. The judgment was not against the preponderance of the evidence.

The judgment is affirmed. Defendant may recover the costs of both courts.

NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. WIEST, J., concurred in the result.