SMITH, APPELLANT, *v.* ALBERT ET AL., APPELLEES.

(No. 8577—Decided July 1, 1959.)

*Mr. C. R. Beirne,* for appellant.
*Mr. Milton M. Bloom,* for appellees.

COLLIER, J. This action was instituted by the plaintiff in the Common Pleas Court of Hamilton County, Ohio, as an action for damages for personal injuries, sustained September 12,

1955, when he fell from a ladder while painting a barn roof on a farm owned by defendants in Boone County, Kentucky. The parties will be referred to herein as they appeared in the Common Pleas Court, the plaintiff, appellant herein, as the plaintiff, and the defendants, appellees herein, as the defendants.

The case was tried to a jury, and, at the close of the plaintiff's case, on motion of defendants, the court withdrew the case from the consideration of the jury and entered judgment for the defendants on the ground that the evidence was insufficient to establish any negligence on the part of the defendants. Plaintiff's motion for a new trial was overruled, and from this judgment the plaintiff has appealed.

The parties stipulated that the court could consider the reported decisions and any applicable statutes of Kentucky in determining the rights and obligations of the parties, without formal proof thereof.

The one assignment of error is that the trial court erred in withdrawing the case from the jury, in entering a judgment for the defendants and in overruling plaintiff's motion for a new trial.

The specific acts or omissions of negligence alleged in plaintiff's amended petition are:

(1) In failing to provide plaintiff with a reasonably safe ladder to perform his work.

(2) In failing to inspect said ladder.

(3) In failing to warn plaintiff of the defective condition of said ladder which was not apparent by ordinary observation.

These allegations of negligence are controverted by defendants' answer, and the defendants allege the defenses of contributory negligence and assumption of risk.

The evidence adduced by the plaintiff may be summarized as follows:

That the defendants, residents of Cincinnati, Ohio, had owned the 300-acre farm in Boone County, Kentucky, about ten years before the accident occurred; that the ladder used by the plaintiff had been on the farm during that period of time, and prior thereto; that the plaintiff had been an employee of defendants, working on the farm during the ten-year period, performing the ordinary tasks required in operating a farm; that the

ladder by which plaintiff was injured was an ordinary wooden ladder, eighteen feet in length, and that the lower rung was missing; that in September 1955 the defendants directed the plaintiff and one Charlie Trapp, another employee on the farm, to paint the roofs of two barns; that plaintiff requested defendants to buy or borrow another ladder to use in painting the barn roofs and that the defendant Meyer Albert replied, ''No, that ladder was good enough''; that the paint job proceeded for two days, using the ladder in question, and the painting of one barn roof was completed; and that on the third day, September 12, 1955, the plaintiff and Trapp were engaged in painting the second barn roof, the plaintiff was standing on the third or fourth rung from the top of the ladder, which had been placed upright against the barn, to catch the end of a rope thrown over the roof by Trapp, when the rung broke, causing the plaintiff to fall to the ground, thereby sustaining the injuries complained of.

Defendants admit that they did not inspect the ladder. Plaintiff and Trapp say that they never observed any defect or anything wrong with the ladder while they were using it two days before the accident occurred; that the first time they discovered the ladder was defective or rotten was when the rung broke and plaintiff fell. Plaintiff further testified that an inspection of the ladder would not have disclosed the weakness or any defect in the ladder, as follows:

''Q. Could you tell by looking at it or by testing it that it was rotten? A. I don't think so * * *.

''Q. In other words, just by looking at it, you couldn't tell that it was rotten, could you? A. No.

''Q. By testing it you couldn't tell it was rotten could you? I mean, pull it, put some force behind it, could you have been able to tell that way? A. No, I didn't think so.

''Q. If you had taken your foot and put some weight on it, do you think you could have been able to tell whether or not it was defective? A. No.''

The sole question for determination in this appeal is whether, under the law of the state of Kentucky, the evidence adduced by the plaintiff, construed most favorably to the plaintiff, is sufficient to establish any actionable negligence on the part of the defendants and, therefore, presents an issuable fact for the jury to determine.

The plaintiff contends that duties rested upon the defendants to provide the plaintiff with a reasonably safe ladder to perform the task assigned to him, to inspect the ladder and to warn the plaintiff of its defective condition which was not apparent by ordinary observation; that the defendants failed to perform either of these duties; and that, therefore, the trial court erred in directing a verdict for the defendants.

The defendants take the position that a ladder is within the "simple tool" doctrine, and for that reason no duty of inspection devolved upon the defendants; that the plaintiff was in a better position to inspect the ladder than the defendants; and that the plaintiff was guilty of contributory negligence and assumed the risk in using the ladder.

The "common" or "simple tool" doctrine, as stated in 35 American Jurisprudence, 607, Section 177, is as follows:

"* * * The so-called 'simple tool' rule is based on the idea that ordinarily the employee has better opportunity than the employer to observe defects and guard against them, and that the employer should not be charged with the duty to care for the safety of an employee with respect to a matter in which the employee is in the better position to care for himself. The most frequent application of this doctrine is found in those cases which hold the employer to be under no obligation to inspect simple tools which he has placed in the hands of his employee for use. * * * It will be found that in most cases where the simple tool rule or exception is applied the controversy is between an employer and an employee to whom the employer furnished the tool, and the defect is one so apparent that the employee is guilty of negligence in using the tool, or where he knew of its condition or had equal opportunity with the employer for knowing it. * * *"

The decisions as to whether an ordinary ladder is a "simple tool," thereby relieving the employer of liability for injuries sustained by an employee using such implement, are conflicting.

There are two lines of cases:

(1) Those in which it was held that under ordinary circumstances a ladder, as a matter of law, is a "simple tool." *Rule* v. *Giuglio*, 304 Mich., 73, 7 N. W. (2d), 227, 145 A. L. R., 537; *Nosal* v. *International Harvester Co.*, 187 Ill. App., 411; *Dessecker* v.

*Phoenix Mills Co.*, 98 Minn., 439, 108 N. W., 516; *Blundell* v. *Wm. A. Miller Elevator Mfg. Co.*, 189 Mo., 552, 88 S. W., 103; *Kelly* v. *National Starch Co.*, 142 App. Div., 286, 126 N. Y. Supp., 979; *Rodgers* v. *Pacific Mills*, 161 S. C., 376, 159 S. E., 655; *Silvey* v. *Nixon Mining Drill Co.*, 128 Tenn., 675, 164 S. E., 772; *Borden* v. *Daisy Roller Mill Co.*, 98 Wis., 407, 74 N. W., 91, 67 Am. St. Rep., 816; *Sheridan* v. *Gorham Mfg. Co.*, 28 R. I., 256, 66 A., 576, 13 L. R. A. (N. S.), 687.

(2) Those cases in which it was held that it was for the jury to say whether, under the particular circumstances, the master owed a duty of inspection before furnishing the ladder. *Southwestern Portland Cement Co.* v. *McBrayer* (Tex. Civ. App.), 140 S. W., 388; *Twombly* v. *Consolidated Electric Light Co.*, 98 Me., 353, 57 A., 85, 64 L. R. A., 551; *Pacific Telephone & Telegraph Co.* v. *Starr*, 206 F., 157, 46 L. R. A. (N. S.), 1123; *Kalash* v. *Los Angeles Ladder Co.*, 1 Cal. (2d), 229, 34 P. (2d), 481.

This question is well annotated in 145 A. L. R., 542.

Whether a ladder, such as used by the plaintiff in the instant case, is a "simple tool" has never been decided by the courts of Kentucky. However, in *East Tennessee Telephone Co.* v. *Jeffries*, 153 Ky., 133, 154 S. W., 1112, it has been held that a step-ladder was not a "simple tool" and that the rule requiring the employer to furnish the employee reasonably safe tools applies to such an appliance. Also, in *Nugent Sand Co.* v. *Howard*, 227 Ky., 91, 11 S. W. (2d), 985, where the employee used a "chicken ladder," consisting of boards nailed crosswise on a single stanchion and used by the workman to mount and descend from a structure on which he was working, it was held such a ladder was not a "simple tool" within the rule that the master is not liable for injuries to a servant resulting from defects in a "simple tool."

The Supreme Court of Ohio has classified a stepladder as a "simple tool." *McGill* v. *Cleveland & South-Western Traction Co.*, 79 Ohio St., 203, 86 N. E., 989, and in *Hilleary* v. *Bromley*, 146 Ohio St., 212, 64 N. E. (2d), 832, which latter case turned upon the legal rights and duties arising out of bailment, without reference to the "simple tool" doctrine. The court there cites and tacitly approves the case of *Kalash* v. *Los Angeles*

*Ladder Co., supra.* In the latter case, the action was brought by an employee of the purchaser of the ladder against the manufacturer. The California Supreme Court held that whether a 40-foot extension ladder having a defective rung was an imminently dangerous instrument presented a jury question.

The many cases cited in the briefs dealing with other tools such as hammers, shovels, etc., are of little assistance in resolving the question before us. We have no precedent established by the courts of Kentucky to guide us, but since the Court of Appeals of that state has held a stepladder or a "chicken ladder" not to be a "simple tool," we believe it logical and reasonable to assume that court would reach a similar conclusion where an ordinary wooden ladder was the instrument involved. We are aided in reaching this conclusion by the statement of Settle, J., in *East Tennessee Telephone Co.* v. *Jeffries, supra* (the step-ladder case). After saying that the rule announced in *Bogenschutz* v. *Smith*, 84 Ky., 330, 1 S. W., 578, to the effect that if the information of the master and servant with respect to the tool are equal, and if both are either without fault or in equal fault, the servant cannot recover damages from the master, has been disaffirmed by later decisions, Judge Settle says:

"The rule, as now held in this jurisdiction, is that the duty of furnishing reasonably safe tools, materials and place to work is primarily on the master and that the servant is under no duty to discover defects therein and, unless he knows of their existence or they are so patent and obvious that a person of his experience and understanding must have discovered them, he will not be precluded from recovery."

After a careful examination of the record in this case, including the splendid briefs furnished by counsel and the decisions in many jurisdictions involving actions for personal injuries resulting from the use of a defective ladder, and especially the decisions of the Court of Appeals of Kentucky classifying a stepladder and a "chicken ladder" as not being "simple tools," we must conclude that the uncontradicted evidence adduced by the plaintiff presents an issuable fact to be determined by the jury; that this court cannot say, as a matter of law, that the ladder used by the plaintiff was a "simple tool," and that the issues of negligence by the defendants and contributory

negligence and assumption of risk by the plaintiff are questions that should be submitted to the jury.

It follows that the judgment of the Common Pleas Court is reversed and this cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

DOYLE and HUNSICKER, JJ., concur.

COLLIER, J., of the Fourth Appellate District, and DOYLE and HUNSICKER, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.