(55 Misc. Rep. 255)

MICHAEL v. STANDARD CONCRETE STEEL CO.   JACKSON v. SAME.
GIBBONS v. SAME.

(Supreme Court, Appellate Term.   June 27, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—LABOR LAW—MECHANICAL CONTRIVANCE.

Plaintiffs, employed by defendant as concrete workers, were spreading concrete in a wooden box, so constructed by carpenters in defendant's employ that, when the concrete hardened and the box or floor was removed, the concrete would become a part of the floor.   Plaintiffs were required to stand on the box, and while so engaged the bottom gave way and plaintiffs fell.   Held, that the box constituted a mechanical contrivance within Labor Law, Laws 1897, p. 467, c. 415, § 18, making a master liable for injuries caused by defects therein, and that the giving way of the box without any disclosed cause established a prima facie case of defendant's negligence.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Actions by Ludwig Michael, by Philip Jackson, and by Ephriam Gibbons against the Standard Concrete Steel Company. From Municipal Court judgments in favor of plaintiff in each case, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Frank V., Johnson (Harry S. Austin, of counsel), for appellant.
M. Strassman, for respondents.

PER CURIAM. These are actions to recover damages for personal injuries caused by the alleged negligence of the defendant. The facts are similar in each case. The plaintiffs were in the employ of the defendant as concrete workers, and were engaged in work upon a building then in course of construction. The concrete was to be spread in a wooden box, so that the concrete, when firm, would become a part of the floor. This box or floor was intended only for temporary use, and was made by carpenters in the employ of defendant. The plaintiffs were required to stand on this box or temporary floor while working, and while thus engaged the bottom of the box gave way, and the plaintiffs fell and sustained injuries. No reason is disclosed for the giving way of the bottom of the box. At the close of the plaintiffs' case the defendant rested, offering no proof, and the court awarded judgment for the plaintiffs.

Although the plaintiffs do not seem to have any cause of action at common law, the terms of section 18 of the labor law (Laws 1897, p. 467, c. 415) are seemingly broad enough to cover these cases. That section provides as follows:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering, or painting of a house, building or structure, shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders, or mechanical contrivances which are unsafe, unsuitable, or improper, and which are not so constructed, placed, and erected as to give proper protection to the life and limb of a person so employed or engaged."

We are of the opinion that the box or floor may fairly be said to be a "mechanical contrivance," within the provisions of section 18 of the labor law. The fact that the bottom of the box gave way was some evidence that it was unsafe and some evidence of negligence. The case established by the plaintiffs was sufficient to call upon the defendant to explain, and in the absence of any explanation sufficient to justify the award of judgments for the plaintiffs. While it can hardly be said that the box or temporary floor can be included in the term "scaffolding, hoists, stays, or ladders," nevertheless, when the Legislature used the words "mechanical contrivances," it is reasonable to suppose that they intended to include contrivances other than those specifically mentioned. In other words, the use of these words was intended to give the section a broader meaning than it would have if those words were not used, and it cannot be presumed that the Legislature intended said words to be meaningless. Giving these words their usual and ordinary

signification, the box or temporary floor in question comes fairly within the meaning of "mechanical contrivances." The authorities cited upon the appellant's brief are distinguishable from the cases at bar.

Judgments affirmed, with costs.