(155 App. Div. 409.)

, MUENCH v. STEEL & MASONRY CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. MASTER AND SERVANT (§ 116*)—MASTER'S LIABILITY—TOOLS AND APPLIANCES—"STRUCTURE."

Under Labor Law (Consol. Laws 1909, c. 31) § 18, subheaded "Scaffolding for use of employés," and providing that one employing or directing the performance of labor in the erection, repair, etc., of a building or structure, shall not furnish unsafe scaffolding, hoists, stays, or other mechanical contrivances or those not so constructed and operated as to properly protect the employé, a subway is a "structure," and a hoisting apparatus stayed by a manilla guy rope used in subway construction, irrespective of whether it was used in connection with a scaffold or a structure on which no scaffolds were used, is within the statute, for negligent construction or operation of which the master was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 7, pp. 6700–6702; vol. 8, p. 7806.]

2. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY —NEGLIGENCE.

In a servant's action for injuries by the breaking of a manilla guy rope on a hoisting apparatus used in subway construction, evidence of plaintiff tending to show that the use of manilla rope, instead of wire rope, was an improper construction of the appliance, required the submission of the case to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

Jenks, P. J., and Carr, J., dissenting.

Appeal from Trial Term, Suffolk County.

Action by George Muench against the Steel & Masonry Contracting Company. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ. ₒ

Hector M. Hitchings, of New York City, for appellant.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, on the brief), for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action brought to recover for personal injuries, and also from an order denying defendant's motion for a new trial.

The plaintiff, an employé of defendant, while engaged in the employment, was injured by the breaking of a manilla guy rope on a hoisting apparatus which was being used in a subway construction. The notice under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) was excluded, and the case was submitted to the jury under the provisions of Labor Law (Consol. Laws 1909, c. 31) §§ 18, 19, and under the common law.

The learned trial court charged the jury as a matter of law that the gin pole and stays forming the hoisting contrivance fell within the definition of section 18 of the Labor Law, and that the subway con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction was a structure. It was also charged that the Labor Law applied to the situation developed by the evidence, and left it to the jury to determine whether the defendant used reasonable care in furnishing its employés "with this contrivance, erected as it was, and with the guys in the condition in which they were," instructing them that if the defendant "failed in using reasonable care—that is, negligence—and unless there is some other reason why the plaintiff should not recover, he is entitled to your verdict."

[1] It is contended that the exception to that part of the charge submitting to the jury the question of defendant's liability under the Labor Law presents error requiring a reversal of the judgment. This contention is based upon the assumption that the provisions of section 18 of the Labor Law are limited to scaffolds, and has no application to "hoists, stays, ladders or other mechanical contrivances" not used in connection with scaffolds. I think that the instruction to the jury was correct. The language of the statute is clear and explicit, and means exactly what it says; that is, that a person employing or directing the performance of labor of any kind, in the erection, repairing, altering or painting of a house, building, or structure is negligent and responsible, if he furnishes, erects, or causes to be furnished or erected for the performance of such labor any appliance that comes within the prohibition, irrespective of whether it is used in connection with a scaffold, or upon a building or structure in which no scaffolds are used. Michael v. Standard Concrete Steel Co., 55 Misc. Rep. 255, 105 N. Y. Supp. 131; Cummings v. Kenny, 97 App. Div. 114, 89 N. Y. Supp. 579; McConnell v. Morse Iron Works, 102 App. Div. 324, 92 N. Y. Supp. 477; Walters v. Fuller Co., 74 App. Div. 388, 77 N. Y. Supp. 681. I think that the gin pole and stays in the case at bar constituted a derrick. In the case last cited a derrick was held to be a "hoist and mechanical contrivance," and "squarely within the provisions of the statute," although it was not in use as a part of a scaffold.

[2] The evidence of the plaintiff tending to show the use of manilla rope, instead of a wire guy, was an improper construction of the appliance, was such as to require the submission of the case to the jury.

The judgment and order must be affirmed, with costs.

HIRSCHBERG and THOMAS, JJ., concur.  JENKS, P. J., and CARR, J., dissent.