August Bohnhoff, Appellant, *v.* Henry C. Fischer, Respondent, Impleaded with Another.

**Master and servant — negligence — failure of master to furnish convenient scaffold for his employees.**

Where a contractor does not furnish a means of access for his employees in the carrying on of their work, and they use one for that purpose which had been constructed by another person, the contractor is liable for injuries received by one of their number by reason of such means being unsafe. (*Quigley* v. *Thatcher*, 207 N. Y. 66, followed.)

*Bohnhoff* v. *Fischer*, 149 App. Div. 747, reversed.

(Argued January 14, 1914; decided February 3, 1914.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 8, 1912, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Dater, George F. Elliott* and *Jay S. Jones* for appellant. The duty of a master to furnish his servants a safe place in which to work or safe and proper implements with which to work are duties personal to the master, and so is the duty of care imposed on a master by positive provision of statute, and none of these duties can be delegated to a third person so as to relieve the master from liability for injuries received by the servant from the omission of the master to perform or from a defective performance of any of these duties. (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Gombert* v. *McKay*, 201 N. Y. 27; *Stewart* v. *Ferguson*, 34 App. Div. 515; 44 App. Div. 58, 59; 164 N. Y. 555; *McLaughlin* v. *Eidlitz*, 50 App. Div. 518; *Pettersen* v. *Rathjen's Am. Comp. Co.*, 127 App. Div. 32; *Haggblad* v. *Bklyn. Hts. R. R. Co.*,

117 App. Div. 838; *Rager* v. *Del., L. & W. R. R. Co.*, 64 App. Div. 134; *Halloway* v. *McWilllams*, 97 App. Div. 360, 361; *Muller* v. *Oakes Mfg. Co.*, 113 App. Div. 689; *Muhlens* v. *Obermeyer & Liebmann*, 83 App. Div. 88.)

*Charles E. Thorn* for respondent. A sub-contractor owes no duty to his employees in reference to the scaffoldings which are erected and maintained by the owner or general contractor in the general work of construction. (*Quigley* v. *Thatcher*, 144 App. Div. 710; 207 N. Y. 66; *Duffy* v. *Williams*, 71 App. Div. 110; *Rotondo* v. *Smyth*, 92 App. Div. 153; *Wingert* v. *Krakauer*, 92 App. Div. 223; *McMullen* v. *City of New York*, 110 App. Div. 117; *Dougherty* v. *Weeks & Son*, 126 App. Div. 786; *O'Doherty* v. *Postal Tel. Cable Co.*, 134 App. Div. 298; *Huston* v. *Dobson*, 138 App. Div. 810; *Whallon* v. *Sprague E. E. Co.*, 1 App. Div. 264; *Devlin* v. *Smith*, 89 N. Y. 470.)

MILLER, J. This plaintiff, an employee of the defendant Fischer, was injured by the fall of a scaffold or runway, and the important question now to be decided is whether section 18 of the Labor Law (Cons. Laws, chap. 31) makes said defendant responsible for the accident, although the scaffold or runway was actually constructed by the defendant Kennedy. Both defendants were engaged in the construction of a building. Kennedy was the general contractor, and was doing the mason work. Fischer was a sub-contractor, doing the iron work. At the time of the accident employees of both were working on a structure twelve feet high, called a pent house, on the roof of the building. The runway consisted of a horse platform or scaffold, from which planks were laid on an incline to the roof of the pent house, and also to the roof of the building. There was no other means of access to the roof of the pent house except a ladder, which was also furnished by the general contractor. The plaintiff

was sent from the roof of the pent house by his foreman to fetch a tool, and on his return the planks leading to the pent house slipped off and fell with him.

It is now settled law that the said statute is to be liberally construed to accomplish its beneficent purpose; that is, the better protection of workmen engaged in certain dangerous employments, and that the duty imposed upon the employer to furnish safe scaffolding, etc., cannot be delegated. Scaffolding is thus made by statute a place to work which it is the duty of the employer to furnish. He can no more delegate that duty to some other contractor engaged in the work than to an independent contractor of his own, or one of his own employees, and it can be of no consequence whether he directly employs, or tacitly suffers, another to perform that duty for him.

In this case some means of access to the roof of the pent house was necessary. The appellant furnished none whatever. His employees were thus left to choose between the runway or the less convenient ladder, both furnished by another. Having furnished none of his own he must be held to have adopted the means at hand, or the statute loses its efficacy.

This case is governed by much the same principle as that involved in *Quigley* v. *Thatcher* (207 N. Y. 66). In that case the general contractor was held liable to an employee of a sub-contractor for an injury caused by the fall of a scaffold erected by the former, on the theory that it was so placed that he should have anticipated that of necessity or under the requirements of reasonable convenience the employees of the sub-contractor would use it. The defendant in that case was under no duty to supply scaffolds for the use of sub-contractors, as he had not contracted to do so. The defendant in this case was under a duty to furnish his employees a safe scaffold. He did nothing in the discharge of that duty, and his employees were left in a situation where they had to use the scaffolding supplied by another. Under such circumstances

the employer should be held to have adopted the means which his employees used of necessity. This is far from deciding that a sub-contractor would be responsible for every scaffold, ladder, hoist, stay or other mechanical contrivance which his employees might see fit to use in the construction of a building on which different contractors were employed.

We have examined the other reasons urged by the respondent for the affirmance of the judgment of the Appellate Division, but find in none a sufficient justification for the reversal of the judgment of the Trial Term.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE and CUDDEBACK, JJ., concur; COLLIN, J., not voting.

Order reversed, etc.