(164 App. Div. 829)

FULLER v. MULCAHY & GIBSON et al.   (No. 6371.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

1. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—"MECHANICAL CONTRIVANCE."

Two planks, loosely laid, connecting a temporary bridge over a sidewalk with a building in the course of construction, constitute a "mechanical contrivance," within the meaning of Labor Law (Consol. Laws, c. 31) § 18, imposing on the employer the duty to furnish safe scaffolding, hoists, stays, ladders, and other mechanical contrivances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, Second Series, Mechanical Contrivance.]

2. MASTER AND SERVANT (§ 89*)—INJURIES TO SERVANT—RELATION OF PARTIES.

Where a laborer, hired to go to work about two hours later, was invited into a building in the course of construction to pick out the tools which he would use, and was killed by an unsafe mechanical contrivance, within Labor Law (Consol. Laws, c. 31) § 18, the master is liable for his death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

Appeal from Trial Term, New York County.

Action by Catherine M. Fuller, as administratrix, against Mulcahy & Gibson and the George A. Fuller Company. From a judgment of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dismissal, and from an order denying a motion for a new trial, plaintiff appeals. Judgment, and order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and CLARKE, JJ.

Warren Leslie, of New York City, for appellant.

James B. Henney, of New York City, for respondents.

SCOTT, J. Respondents, as subcontractors for the George A. Fuller Company, were engaged in erecting the steelwork of a building in course of construction in the city of New York. Plaintiff's intestate was a steel worker, and on April 16, 1912, he was engaged as a workman by one Dilley, who was foreman or superintendent for respondents. This occurred about 9 or 10 o'clock in the forenoon, and the arrangement was that plaintiff's intestate should actually go to work at the noon hour. Dilley, the superintendent, invited or directed the deceased to go into the building to select the tools with which he was to work. Along the front of the building over the sidewalk was a temporary bridge for the use of pedestrians. From the bridge to the building was a runway or temporary bridge for the use of the workmen and commonly used by them. This consisted of two planks loosely laid, one end on the bridge over the sidewalk, and one end on a steel beam. Dilley, having directed the deceased to follow him into the building, started across the planks. He made the trip safely, and deceased followed him, when according to the evidence, which for the purposes of this appeal must be taken as true, one of the planks broke, precipitating deceased into an excavation, as a result of which he died. It appeared that there was another means of ingress to the building, which was less convenient. The means used by deceased was that usually employed by workmen, and also that indicated by Dilley.

The questions involved in the appeal, as we consider, are whether or not the runway or bridge was a mechanical contrivance within the meaning of section 18 of the Labor Law, commonly referred to as the "Scaffold Law," and whether or not the deceased was entitled to the protection of that statute. Upon the first question it is to be noted that the section is not confined in its operation to scaffolds. The obligation which the section referred to imposes upon the employer is to furnish a safe, suitable, and proper "scaffolding, hoists, stays, ladders and *other mechanical contrivances*"—an obligation which is absolute and cannot be delegated.

[1] We think it clear that the planks furnished as a way or bridge were a "mechanical contrivance" within the meaning of this statute, for it has been held that the provisions of the statute are not limited to scaffolds and their appurtenances, but extend to all mechanical contrivances used in the course of the work. Muench v. Steel Masonry Contracting Co., 155 App. Div. 409, 140 N. Y. Supp. 330. The same reason which impelled the Legislature to place so rigid a responsibility upon employers respecting scaffolds would equally apply to a runway such as we are here considering. The case presented is similar in some respects to Bohnhoff v. Fischer, 210 N. Y. 172,

104 N. E. 130. In that case the contrivance which failed was a runway consisting of a horse platform or scaffold, from which planks were laid on an incline to the roof of a penthouse and also to the main roof of the building. One of the planks slipped while the plaintiff was using the runway. The court assumed, and the assumption was necessary for the decision of the case, that this runway was a mechanical contrivance within the meaning of the Labor Law.

[2] We are also of the opinion that the deceased was entitled to the protection of the statute. A contract of employment had been made between him and the respondents, and at the time he was injured he was engaged, under the direction of respondent's foreman, in making the necessary preparation for actually beginning the work. It has been held by this court that a master owes a duty to furnish a safe scaffold, not only to his immediate employés, but also to other persons lawfully using the same who may be injured thereby. Huston v. Dobson, 138 App. Div. 810, 123 N. Y. Supp. 892. Even more clearly does he owe a duty to one with whom he has made a contract of employment, and towards whom he has assumed an attitude of direction. A preparation for work, by selecting the tools to work with, is certainly a part of the service of employment.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.