Frederick Hess, as Administrator of the Estate of Charles Hess, Deceased, Respondent, *v.* Bernheimer & Schwartz Pilsener Brewing Company, Appellant, Impleaded with Others.

Labor Law — negligence — provisions stating duty of employer to employees of contractor as to condition of ways, work, machinery and plant are not applicable to the method of doing work by contractor, and an employer is not liable for failure of a contractor to furnish proper appliances for doing the work undertaken by him — owner of plant not liable when danger arose from manner in which work was done by the contractor.

1. The liability of an employer to an employee of a contractor for injuries caused by any defect in the condition of the ways, work, machinery and plant is not by section 200 of the Labor Law (Cons. L. ch. 31) extended to cover defective appliances furnished by the contractor or his omission to furnish proper appliances for doing his work. The duty of the owner to the employee of the contractor is the duty owed by the employer to his own employees.

2. Plaintiff's intestate died as the result of inhaling fumes of methyl alcohol while he was working for a contractor who was engaged in varnishing beer vats in defendant's brewery. The negligence alleged in the complaint is that appellant required the plaintiff's intestate to work in the vat without sufficient ventilation and without proper warning. Proper regard for the safety of the workmen required the use of blowers to carry off the poisonous vapors arising from the varnish. The contractor agreed to furnish all the instrumentalities by which the work was to be done; there was no defect in the plant of the employer. *Held*, that the court erroneously refused to charge the jury that the duty of providing the blowers rested upon the contractor and not upon the appellant.

3. Although the conduct of the appellant may have amounted to negligence in interfering with the manner in which the work was done by prohibiting the use of blowers, that issue was not tried and that question was not submitted to the jury; the jury was permitted to find that appellant was negligent under section 200 of the Labor Law; hence the recovery cannot be sustained.

*Hess* v. *Bernheimer & Schwartz Pilsener Brewing Co.*, 167 App. Div. 846, reversed.

(Argued November 2, 1916; decided December 28, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 7, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* and *Amos H. Stephens* for appellant. It was error to submit this case to the jury on the theory that this defendant, the brewing company, might be found liable to the plaintiff as the employer of the deceased under the Employers' Liability Act, so called (Labor Law, § 200). (*Kenz* v. *B. & W. P. Brewing Co.,* 162 App. Div. 781.) The evidence offered by the plaintiff in an effort to prove that the non-use of blowers or other ventilating appliances in the prosecution of his work was due to a prohibition of their use by the brewing company, was incompetent and improper, and its admission was error. (*Cobb* v. *U. E. & C. Co.,* 191 N. Y. 475; *First Nat. Bank* v. *Ocean Nat. Bank,* 60 N. Y. 278; *Fox* v. *Village of Manchester,* 183 N. Y. 141; *Starin* v. *Kelly,* 88 N. Y. 418; *Tompkins* v. *Fonda Glove Lining Co.,* 188 N. Y. 261; *People* v. *Beach,* 87 N. Y. 508; *People* v. *Cox,* 21 Hun, 47; 83 N. Y. 610; *Adenaw* v. *Piffard,* 202 N. Y. 122.)

*Moses L. Malevinsky, Bertha Rembaugh* and *Mary Butler Towle* for respondent. The court did not err in submitting the case to the jury on the theory that the appellant might be found liable under the Employers' Liability Act, section 200 of the Labor Law. (*Wiley* v. *Solvay Process Co.,* 215 N. Y. 585; *Sullivan* v. *Greenhut-Siegel-Cooper Co.,* 155 App. Div. 394; *Lipstein* v. *Provident Loan Society,* 154 App. Div. 732; *Coleman* v. *Ruggles Robinson Co.,* 159 App. Div. 268; *Kerwin* v. *L. I. R. R. Co.,* 157 App. Div. 899; *Kenz* v. *B. & S. P. B. Co.,* 162 App. Div. 777; *Hess* v. *B. & S. P. B. Co.,*

167 App. Div. 846; *Heske* v. *Samuelson*, L. R. [12 Q. B. D.] 30; *McKeon* v. *Proctor & Gamble*, 76 Misc. Rep. 599; 154 App. Div. 784.)   The appellant brewing company had interdicted the use of blowers for its own purpose and was hostile to their use.   It was perfectly competent to prove the interdiction precisely as it was proved.   (*Cobb* v. *United Eng. Co.*, 91 N. Y. 475; *Bank* v. *Ocean*, 60 N. Y. 278; *Fox* v. *Village of Manchester*, 183 N. Y. 141; *Tompkins* v. *Fonda Glove Co.*, 188 N. Y. 261; *Kenz* v. *B. & S. P. B. Co.*, 162 App. Div. 779; *Platner* v. *Platner*, 78 N. Y. 90; *Graves* v. *Santway*, 6 N. Y. Supp. 888; *Blumenthal* v. *Bloomingdale*, 100 N. Y. 561.)

POUND, J.   The action is to recover damages sustained by the next of kin of Charles Hess.   It is alleged and the evidence establishes that Hess died as the result of inhaling fumes of methyl alcohol while he was working for a contractor, defendant Lutz, who was engaged in varnishing beer vats in appellant's brewery.   The negligence alleged in the complaint is that appellant ordered, directed and required the plaintiff's intestate to work in the vat without sufficient ventilation and without proper warning.   Proper regard for the safety of the workmen required the use of blowers to carry off the poisonous vapors arising from the varnish.   It was extremely dangerous to life and health for men to work under the existing conditions unless such blowers were used to purify the air.

On the trial and in the appellate courts plaintiff's reliance was placed on a provision of section 200 of the Labor Law (Cons. Laws, ch. 31, as amd.) which reads as follows:

" If an employer enters into a contract, written or verbal, with an independent contractor to do part of such employer's work,   *   *   *   such contract   *   *   *   shall not bar the liability of the employer for the injuries to the employees of such contractor   *   *   *   caused by any defect in the condition of the ways, works, machinery, or plant, if they are the property of the employer or are fur-

27

nished by him, and if such defect arose, or had not been discovered or remedied, through the negligence of the employer. \* \* \*"

"The duty of the owner to the employee of the contractor is the duty owed by an employer to his own employee in such a case." (*Sullivan* v. *New Bedford Gas & Edison Light Co.*, 190 Mass. 288; *Crimmins* v. *Booth*, 202 Mass. 17; *Pettingill* v. *William Porter & Son*, 219 Mass. 347.) The duty at common law was, *inter alia*, to furnish a safe place to work. (*Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124.) This duty has been extended by statute (Labor Law, § 200, subd. 1) to include the tools and appliances without which the place to work would be incomplete. "A plant is defective when any part of it is not in a proper condition for the purpose for which it was intended and it is also defective when it is so incomplete that the use of the plant is dangerous by reason of the failure to furnish reasonably necessary parts for the purpose for which it is used." (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 591.) But the statute refers to the employer's plant and not to the contractor's equipment. If the appellant had done this work by its own employees it would have been its duty to use reasonable care in providing suitable appliances to carry the fumes of the varnish from the vat in which the workmen were engaged. (*McGovern* v. *Central Vt. R. R. Co.*, 123 N. Y. 280–288.) It cannot be said, however, that the duty of the employer is by this provision of the statute extended to supervision of the method of doing the work by the contractor, or that the employer thereby becomes responsible for the negligence of the contractor in failing to furnish proper appliances therefor. While the employer must exercise reasonable care to have his own plant safe for the employees of the contractor, he does not stand in the shoes of the contractor and become liable for the latter's negligence. If the employer furnishes a ladder or a scaffold for the contractor's employees to work

on he must be careful to furnish a safe appliance (*Huston* v. *Dobson*, 138 App. Div. 810; *Fuller* v. *Mulcahy & Gibson*, 164 App. Div. 829), but if the contractor furnishes such appliances the employer does not thereby become responsible for their sufficiency. They are no part of the employer's plant; failure to furnish them is not a defect in the employer's plant; he is under no absolute duty to furnish them and the statute has no application.

Lutz, the contractor, was bound by the contract to furnish all the instrumentalities by which the work was to be done except the varnish and certain electric heaters; there was no defect in the vat; it was not unsafe *qua* vat; the work contracted for was not necessarily dangerous; the danger arose from the method in which the work was done; the defect was in the contractor's outfit and not in the plant of the appellant. So far as the case proceeds on the theory that the lack of blowers was a defect in the appellant's plant we think the plaintiff must fail.

The inference from the evidence is possible that the appellant prohibited the use of blowers by the contractor in doing the work. But the case was not tried on the theory that the contractor was told to do the work without blowers — a wrongful act wholly independent of the provisions of the Labor Law if established by competent evidence. The complaint is sufficiently broad to permit the court to submit the question whether the appellant required the contractor to put his men at work which was made dangerous by its wrongful act in determining the conditions under which the work was to be done. If such was the fact, appellant cannot escape liability. But the jury were not so instructed. They were instructed that the duty rested upon appellant under the statute to use reasonable care and prudence to furnish a reasonably safe place in which the work was to be done, considering the nature of the work and its known dangers and were permitted to say that defend-

ant was negligent on this ground alone in failing to provide blowers. The court erroneously refused to charge the jury that the duty of providing blowers rested upon the contractor and not upon the defendant. The conduct of the appellant may have amounted to the grossest negligence in interfering with the manner in which the work was done and allowing deceased to work without warning under conditions understood by it and insisted upon for the protection of its beer from the introduction of cold air in the cellars (*Berg* v. *Parsons,* 156 N. Y. 109, 115), but that issue was not tried and that question was not submitted to the jury. The plaintiff elected to rely upon the provisions of the statute above quoted, and we cannot say that prejudicial error was not committed in allowing over defendant's objections and exceptions a recovery based on a misconception of the scope of the statute. We do not deem it necessary to pass upon the competency of the evidence relied upon to establish the fact that appellant prohibited the use of blowers.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment reversed, etc.