In an action to recover damages for personal injuries, order granting the motion under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the third-party complaint, reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, without costs, with leave to third-party defendant to answer within ten days from entry of -the order hereon. The plaintiff’s complaint variously alleges acts and omissions, upon proof of some of which defendant might be primarily liable in damages and upon proof of others of which the liability might be only secondary and imposed by law without regard to breach of duty. Under such situation the third-party complaint should not be held insufficient at this stage. (Forman v. Udell, 267 App. Div. 823.) The second cause of action set forth in the third-party complaint includes surplus conclusions of law, but is sufficiently factual to allege a cause of action for damages resulting from breach of contract. Adel, Sneed, Wenzel and MacCrate, JJ., concur; Johnston, Acting P. J., dissents and votes to affirm, with the following memorandum: In this negligence action to recover damages from the owner and/or general contractor for personal injuries suffered by plaintiff, the original defendant served a third-party com *1041 plaint against the subcontractor (plaintiff’s employer), alleging two causes of action for indemnity. The negligence alleged in plaintiff’s complaint against the original defendant is that (a) it supplied a defective arm support for the scaffold on which plaintiff worked; (b) it failed to inspect and failed to repair, after notice of the defective metal arm; (e) it failed to make safe the places of work it provided and to make safe the means of approach to those places; (d) it was “ otherwise negligent and careless in the premises.” If the proof on the trial shows negligence on the part of the original defendant under items (a) and (e), or that the original defendant in some manner actually directed plaintiff to perform work and in some manner section 240 of the Labor Law applied, it would be guilty of active negligence (Iacono v. Frank & Frank Contr. Co., 259 N. Y. 377, 381-382; Caspersen V. La Sala Bros., 253 N. Y. 491; Hess v. Bernheimer & Schwartz Pilsener Brewing Co., 219 N. Y. 415, 418) and there could not be a claim for indemnity without proof of a contract of indemnity against the original defendant’s active negligence. If the proof on the trial shows that the scaffold was erected by plaintiff’s employer, as claimed by the original defendant, there would be no cause of action against it under item (b) (Iacono v. Frank & Frank Contr. Co., supra) and there would be no necessity for a claim over. No matter what may be proved under item (d), I cannot conceive of any act of negligence on the part of the original defendant, for which it would be liable to this plaintiff, which may be classed as passive. There are cases in which an owner was held liable to an injured pedestrian and allowed to cross-claim against a general or subcontractor. (Tipaldi v. Riverside Memorial Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145; Phoenix Bridge Co. v. Creem, 102 App. Div. 354, affd. 185 N. Y. 580.) However, in the ease at bar an employee of a subcontractor was injured and in such a ease an owner or general contractor may be liable only if an affirmative duty which is cast on it is breached, in which event there may not be a cross claim unless there is a contract of indemnity against active negligence. [See post, p. 1125.]