Michael Catalano, J.
Defendant moves for an order “ pursuant to Rule 106 of the Rules of Civil Practice dismissing the second cause of action of the complaint herein on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action.”
The second cause of action alleges statutory negligence within the meaning of the Labor Law. It states that the plaintiff’s intestate died on February 11, 1957 on certain premises owned by the defendant where it manufactured ice cream. The exact site of death was “ an additional building, consisting of a garage and unloading room, for the purpose of housing and sheltering tanker trucks which visited the premises of the (defendant) from time to time, for the purpose of delivering and unloading into the (defendant’s) storage tanks, sugar-syrup known as ‘ sweetose ’, among other products.” The plaintiff’s intestate, a truck driver employed by the Lincoln Carting Company, drove a tanker-truck owned by his employer and “ had attached thereto an auxiliary gasoline motor and pump ” used to pump the “ sweetose” from the tanker-truck to the defendant’s storage tanks. While unloading the “ sweetose ” into the defendant’s tanks, pursuant to a contract of “transportation and delivery” between the defendant and the deceased’s employer, the deceased pumped the load of “ sweetose ” “by means of the said auxiliary gasoline motor and pump ” when he was *780 overcome by carbon monoxide fumes and' died. The defendant failed to provide the deceased a safe place to work according to the Labor Law, thereby causing his death.
Rule 106 of the Rules of Civil Practice entitled “ Motion for judgment on the complaint ”, provides, in part:
‘ ‘ After the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, where it appears on the face thereof: * * *
“ 4. That the complaint does not state facts sufficient to constitute a cause of action. ’ ’
In considering the complaint under this rule, the allegations are deemed facts (Locke v. Pembroke, 280 N. Y. 430, 432), and every intendment and fair inference is in favor of the pleading (Madole v. Gavin, 215 App. Div. 299, 300, followed in Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432).
The moving defendant relies on sections 200 and 299 of the Labor Law, contending that the plaintiff’s intestate was not an ‘ ‘ employee ’ ’ within the meaning thereof.
Section 200 of the Labor Law, entitled ‘ ‘ General duty to protect health and safety of employees ”, provides, in part: u All places to which this chapter (Labor Law, L. 1921, ch. 50) applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein.”
Section 299 of the Labor Law, entitled “ Ventilation, heating and humidity ”, provides, in part: “ 3. If dust, gases, fumes, vapors, fibers or other impurities are generated or released in the course of the business carried on in any workroom of a factory, in quantities tending to injure the health of the employees, suction devices shall be provided which shall remove such impurities from the workroom, at their point of origin where practicable, by means of proper hoods connected to conduits and exhaust fans.”
Section 2 of the Labor Law, entitled ‘1 Definitions ’ ’, provides, in part: “ 5. ‘ Employee ’ means a mechanic, workingman or laborer working for another for hire.”
In the leading case of Hess v. Bernheimer & Schwartz Brewing Co. (219 N. Y. 415), an action was brought for the death of one Charles Hess who died inhaling fumes of methyl alcohol while working for a contractor, one Lutz, who was engaged in varnishing beer vats in appellant’s brewery. The alleged negligence is that appellant ordered the deceased to work in the vat without sufficient ventilation and blowers to remove the poison *781 ous vapors arising from the varnish, according to section 200 of the Labor Law. Judge Pound, speaking for the court, said (p. 419): “ Lutz, the contractor, was bound by the contract to furnish all the instrumentalities by which the work was to be done except the varnish and certain electric heaters; there was no defect in the vat; it was not unsafe qua vat; the work contracted for was not necessarily dangerous; the danger arose from the method in which the work was done; the defect was in the contractor’s outfit and not in the plant of the appellant. So far as the case proceeds on the theory that the lack of blowers was a defect in the appellant’s plant we think the plaintiff must fail.”
The reasoning in the Hess case applies here. The contractor, Lincoln Carting Company, was bound by contract to furnish all instrumentalities by which the sweetose was to be transported and delivered; there was no defect in the “ garage and unloading room ”; it was not unsafe qua garage; the work contracted for was not necessarily dangerous; the danger arose from the method by which the sweetose was unloaded into defendant’s storage tanks; the defect was in the contractor’s outfit, consisting of “an auxiliary gasoline motor and pump,” and not in the plant of the defendant. Therefore, the second cause of action in the complaint fails to state a cause of action. (See, also, Iacono v. Frank & Frank Contr. Co., 259 N. Y. 377, 381; Zucchelli v. City Constr. Co., 4 N Y 2d 52, 56.)
Motion granted. Prepare and submit order accordingly.