■ CHESTER BORASKI, as Committee of the Person and Property of JOHN S. BORASKI, an Incompetent Person; Appellant, v. WILLIAM BACKER et al., Copartners Doing Business as BGE REALTY COMPANY, et al., Respondents.—GIBSON, P. J. Appeals by the plaintiff in a negligence action (1) from a judgment of the Supreme Court at Trial Term which dismissed the complaint as against defendant Lynch Supply Company, Inc., upon motion made at the close of all the evidence and (2) from a judgment of said court in favor of defendants Backer *et al.,* comprising the copartnership BGE Realty Company, entered upon a verdict of no cause of action. Defendant partnership BGE was the owner of a building and defendant Lynch was BGE's contractor under a written contract providing for the " general cleaning and sanitary maintenance " of the building. The action was brought to recover for damages for plaintiff's incompetent's personal injuries, sustained when he fell from a window, while engaged in removing a broken windowpane preparatory to replacing it, in the course of his employment as a glazier by an employer not a party to the action. The complaint alleges, as against all the defendants, violations of the Labor Law, section 200 (subd. 1) ; section 202 and rule 21 implementing it (12 NYCRR Part 21) ; section 240 (subd. 1) and rule 23 implementing it (12 NYCRR Part 23). The trial court held that none of the sections or rules was applicable to Lynch and dismissed the complaint as to it; held, further, that neither section 202 nor section 240 nor rules 21 or 23 were applicable to BGE; and submitted to the jury as against BGE the issue arising under section 200. Neither section 202, enacted for the protection of " persons engaged at window cleaning ", nor rule 21, promulgated to implement it, is relevant. Plaintiff's incompetent was not engaged in cleaning windows; he was forbidden to engage in that work; cleaning the windows was, indeed, within Lynch's maintenance contract; and the fact that plaintiff's incompetent and his co-workers in their work as glaziers were accustomed to use a dry rag to wipe from panes installed by them whatever putty stains had been caused by their work was not sufficient to constitute plaintiff's incompetent a window cleaner within the purview of the statute and the rule. Neither was section 240 (subd. 1), nor rule 23 implementing it, properly invoked against either defendant. The section requires that a person " employing or directing another to perform labor * * * in the erection, demolition [or] repairing * * * of a building" shall furnish such scaffolding and other devices as shall be necessary " to give proper protection to a person so employed or directed." Appellant seeks under section 240 to hold liable the owners, as well as Lynch, their maintenance contractor; appellant's brief contending that it was "the custom of Lynch * * * to hire or retain independent contractors for the purpose of making repairs * * * including the replacement of broken windows ". Plaintiff's incompetent's employer, American Glass Company, Inc., was the independent contractor in this case; but there is no evidence or reasonable inference from evidence that either the owners or the maintenance contractor (assuming the latter to have been the owner's agent) became a " person employing or directing " plaintiff's incompetent in the performance of his employer's work, within the meaning of the statute. (See *Kluttz* v. *Citron,* 2 N Y 2d 379; *Ehrlich* v. *C. B. S. Columbia,* 16 Misc 2d 793, affd. 9 A D 2d 943, affd. 8 N Y 2d 1113.) Finally, we find no basis in the general language of section 200, which is pleaded in the complaint, for disturbing either judgment; and appellant's brief advances no substantial contentions in respect of the application of that section or of the common-law rule of liability underlying it. The judgments are in accord with the decisions. (See *Hess* v. *Bernheimer & Schwartz Pilsener Brewing Co.,* 219 N. Y. 415, mot. for rearg. den. 220 N. Y. 612; *Iacono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377;

*Borshowsky* v. *Altman & Co.,* 280 App. Div. 599, affd. 306 N. Y. 798.) Appellant does not attack the verdict as contrary to the weight of the evidence and, indeed, it was not. In the context of the narrow issue presented by the record before us, we find no error in the rulings upon evidence of which plaintiff complains. Judgments affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Gibson P. J.