## 10127

### RICHARDSON v. UNION SEED & FERTILIZER CO.

#### (98 S. E. 134.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE TOOLS—OBVIOUS DANGERS.—Where servant, directed to paint rafters with creosote, selected defective brush, whose condition was obvious, and from the brush paint splashed in his eye, he could not recover, having assumed the risk.

2. MASTER AND SERVANT—INJURIES TO SERVANT—DUTY TO WARN.—A paint brush is an instrumentality of simple character as to which the duties of the master are not so strict as to require a warning of the defective condition of the brush.

3. MASTER AND SERVANT—INJURIES TO SERVANT—MASTER'S RELIANCE ON SERVANT'S CARE.—The master has the right to assume that a man of ordinary intelligence and of full age and experience will know the condition of a paint brush and the risk, if any, in using it.

Before WHALEY, County Judge, Richland, 11th July, 1918.  Affirmed.

Action by Paul Richardson against the Union Seed & Fertilizer Company. Judgment of nonsuit, and plaintiff appeals.

*Messrs. A. F. Spigener* and *A. W. Holman,* for appellant, submit: *The servant has the right to assume that the master has furnished suitable appliances, and he may proceed to work with such appliances unless the same are so obviously defective that no ordinarily prudent man would undertake to use the same:* 85 S. C. 372; 82 S. C. 548; 84 S. C. 354. *The facts of this case are easily distinguishable from the facts upon which the law was enunciated in the case of Wofford v. Clinton Cotton Mill:* 74 S. C. 346.

*Messrs. Benet, Shand & McGowan,* for respondent, submit: *Plaintiff being an experienced workman, there was no reason for defendant to warn him of the possibility of paint splashing in his eyes:* 72 S. C. 239-40, 243. *Plaintiff was charged with notice of the condition of the paint brush and*

NOTE.—As to assumption of risk, see note in 3 A. L. R. 1029.

*of the risk of using it, and having used it with full knowl-*
*edge, he assumed the risk attendant upon its use:* 75 S. C.
487; 72 S. C. 242-3; 72 S. C. 346; 80 S. C. 232.   *Instru-*
*mentalities of simple character, such as paint brush, hammer,*
*broom, etc., are in a different class from complicated machin-*
*ery as to which an ordinary laborer has not the same knowl-*
*edge as he has of the simpler instrumentalities mentioned,*
*and the duties of the master in regard thereto are not so*
*strict:* 28 L. R. A. 771 (Mo.); (N. C.) Ann. Cas. 1912a, p.
1002, and note, p. 1004.

January 21, 1919.

The opinion of the Court was delivered by Mr. Justice
Watts.

This is an appeal from an order of nonsuit as to the first
cause of action set out in the complaint herein by County
Judge Whaley upon trial in Richland county Court in July,
1918.   The injury plaintiff complained of in the action arose
from paint getting into his eyes, at the mill of defendant, in
the city of Columbia.   The plaintiff alleged two specifica-
tions of negligence: (1) In failing to furnish him with safe,
suitable, and proper tools and appliances to do the work
required of him, in that the paintbrush was old, worn, and
stubby, and unfit for the purpose for which plaintiff was
required to use it.   (2) The paint was dangerous and pois-
onous.   The element of negligence raised by exceptions and
involved in this appeal is the one as to the defective paint-
brush.

On the day of the accident Stevens gave the plaintiff a
key, and told him to unlock the house where the creosote
was kept, and to get some creosote and a brush and paint
some rafters.   Plaintiff did so, and proceeded to
paint rafters, and while doing so some creosote
splashed from the brush into his eyes.   He did not
stop work then, and did not lose a day until he left employ-
ment of defendant, in February, 1917.   Plaintiff selected

the brush himself; the condition was obvious and patent; nothing hid about its condition. There was no reason for the defendant to warn him that paint might splash into his eyes. Defendant had the right to assume that. a man of ordinary intelligence and full age, and with experience as a workman, would know the condition of the paintbrush and the risk of using it, and, by having selected the brush and used it, with full knowledge of its condition, he assumed the risk attendant on its use. The paintbrush was an instrumentality of simple character different in character with complicated machinery, and the duties of the master in regard thereto are not so strict. The plaintiff, by the exercise of ordinary care and intelligence on making his selection of the paintbrush and voluntarily using the same, with such knowledge, assumed the risk of the use of the brush, and should not be allowed to recover.

Exceptions overruled.

Judgment affirmed.