## 11519

### EVATT v. PIPER ROOFING CO.

#### (123 S. E., 203)

Master and Servant—Employer Held Not Negligent as to Employee Using Simple Tool.—Where employee directed to remove a broken hammer handle by means of pliers struck it with his pliers and a small particle struck him in the eye, employer *held* not negligent.

Before Ansel, J., County Court, Greenville, October, 1923. Reversed with directions.

Action by W. G. Evatt against Piper Roofing Company. Judgment for plaintiff and defendant appeals.

*Messrs. Haynesworth & Haynesworth,* for appellant, cite: *No negligence of Master in use of simple tools:* 86 S. C., 352; 111 S. C., 387; 112 S. C., 47; 21 Atl., 775; 119 S. E., 249; 4 Thomp. Neg., Sec. 3774; 1 LaB. M. & S., Sec., 142. *Assumption of risk:* 80 S. C., 232.

*Mr. J. Robert Martin,* for respondent, cites: *Negligence of master:* 112 S. C., 47; 94 S. C., 150; 35 S. C., 407; 112 S. C., 544. *Simple tool doctrine inapplicable:* 18 R. C. L., 564; 3 LaB. M. & S., 2479; 2484. *Contributory negligence:* 102 S. C., 226; 94 S. C., 152. *Assumption of risk:* 120 S. C., 333; 116 S. E., 100; 18 R. C. L., 639; 121 S. C., 23; 102 S. C., 226; 112 S. C., 544; 121 S. C., 138; 89 S. C., 389; 95 S. C., 138.

May 29, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

Respondent states the case as follows:

"The plaintiff, W. G. Evatt, was employed by the defendant, Piper Roofing Company, about the middle of January, 1921, to act as a helper and apprentice to one of

Note: On liability of master for injury from defect in simple tool, see notes in 13 L. R. A. (N. S.), 668; 40 L. R. A. (N. S.), 832; 51 L. R. A. (N. S.), 337; L. R. A. 1918D, 1141.

their tinners. He was a young man of about 23 years and had had no previous experience in this kind of work. A short time after his employment, Evatt was sent out to assist one of defendant's tinners, Buckner, in repairing the roof of the Union Bleachery, and his instructions from the shop foreman were to work under the direction of Buckner. In the performance of this work it became necessary for Buckner to solder together two pieces of water pipe, and this operation necessitated the use of a small hammer while the joining metal was hot. Upon finding that the handle of his hammer was broken, Buckner handed a pair of pliers and the broken hammer to the plaintiff, directing him to remove the broken handle with the pliers, and to insert therein a new one. After striking the hammer with the pliers several times in an effort to remove the broken handle, a small particle from acute angle of joint of the pliers flew off from the impact with the hammer, and entered the plaintiff's right eye, impairing his vision in that organ to such an extent that plaintiff now has only a sense of light and an indistinct perception of large objects at close range. It is the opinion of an expert, Dr. Mauldin, that there is no possibility of any improvement in plaintiff's vision in his right eye, but a probability of further trouble which would necessitate its removal.

"On October 9, 1923, the case was tried by jury and a verdict for $990 rendered for plaintiff. On November 24, 1923, after transcript of evidence, and full argument, Judge Ansel refused motion for a new trial, and this appeal questions the refusal of trial Court to direct verdict."

The exceptions allege error on the part of his Honor in not directing a verdict as asked for by the defendant, on the ground that there was no evidence of negligence on the part of the defendant, operating as a proximate cause of the injury; in refusing to direct a verdict on the ground of contributory negligence; in refusing to direct a verdict on the ground of assumption or risk; and the fourth exception complains of error in his Honor's charge to the jury.

We think the exceptions that complain of error in not directing a verdict should be sustained.

The evidence shows that the work the respondent was required to do was simple and required no specially constructed instrumentalities. It was a simple tool the use of which involved no danger which could be reasonably anticipated. We cannot see under the evidence any actionable negligence on the part of the master. The work required to be done was simple and the instrument used was simple; the danger of injury was so remote that no reasonably prudent man could have any hesitancy in using the pliers for the work in question. (The pliers in question were exhibited to the Court at the hearing of this appeal.)

Under all of the evidence in the case we cannot see that the master should be charged with negligence in failing to foresee that so improbable an injury would result. We think that a verdict should have been directed under *Gentry v. Ry.,* 66 S. C., 256; 44 S. E., 728. *Herbert v. Parham,* 86 S. C., 352; 68 S. E., 564; 35 L. R. A. (N. S.), 239. *Richardson v. Fertilizer Company,* 111 S. C., 387; 98 S. E., 134. *Holmes v. Davis* (S. C.), 119 S. E., 249.

The judgment is reversed and the case will be remanded for the purpose of having the clerk enter up judgment in favor of the defendant under rule 27.

Reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.