## 12177

### ROPER v. WARE SHOALS MANUFACTURING COMPANY

#### (137 S. E., 210)

MASTER AND SERVANT—STEPLADDER, USED BY EMPLOYEE, HELD WITHIN SIMPLE TOOL DOCTRINE, PRECLUDING RECOVERY FOR INJURY FROM DEFECT.—Stepladder, used by employee in performance of work of oiling and cleaning motors attached to ceiling of cotton mill, *held* within the simple tool doctrine, precluding recovery for injury resulting from defect therein.

Before TILLMAN, J., Greenville, July, 1924. Affirmed.

Action by M. W. Roper against Ware Shoals Manufacturing Company. Judgment of nonsuit; and plaintiff appeals.

*Messrs. Huff & Huff, H. S. Blackwell, and W. H. Nicholson,* for appellant, cite: *Whether step-ladder falls within*

*simple appliance doctrine question for jury:* 94 S. C., 150;
64 L. R. A., 551; 42 L. R. A. (N. S.), 647; 46 L. R. A.
(N. S.), 1123; 40 L. R. A. (N. S), 835; A. & E. Enc.,
82–84; 146 Mo. App., 524; 124 S. W., 576. *After defect
in tool brought to attention of employer who assumed to
repair it but merely hid defect, liable:* 85 Miss., 1; 147 N.
Y. Supp., 65. *Knowledge of defect by employer unknown
to servant renders former liable:* 51 L. R. A. (N. S.), 342;
106 N. W., 841; Ann. Cases, 1912-A, 1102; 70 S. E., 742;
154 N. C., 399. *Assumption of risk upon failure of master
to repair old appliance or produce new one upon complaint
of servant question for jury:* 61 S. C., 478; 102 S. C.,
276; 55 S. C., 363; 75 S. C., 390; 4 S. C., 154; 88 A. S.
R., 961; 4 L. R. A. (N. S.), 913; 22 L. R. A. (N. S.),
472; 40 N. E., 128; 13 A. S. R., 320. *No right of selection
question for jury:* Ann. Cases, 1912-A, 1002. *Conflict-
ing issues of negligence and contributory negligence; same:*
117 S. C., 517; 106 S. C., 123. *Master obligated to supply
safe and suitable appliances:* 55 S. C., 101; 61 S. C., 477;
34 S. C., 211. *Nonsuit not granted if evidence supports
allegations of complaint:* 45 S. C., 46, 181, 283; 46 S. C.,
104. *Burden of proof that due care used to make instru-
ment safe on master:* 18 S. C., 275; 34 S. C., 211; 35 S.
C., 405. *Nonsuit proper only where total failure of testi-
mony by plaintiff as to whole case or material part:* 19 S.
C., 32; 21 S. C., 556; 57 S. C., 249. *Contributory negli-
gence for jury; cannot be considered by Judge on motion
for nonsuit:* 19 S. C., 241; 25 S. C., 128; 42 S. C., 468;
62 S. C., 136; 46 S. C., 203; 23 S. C., 289. *Where testi-
mony as to proximate cause susceptible to more than one
inference question for jury:* 114 S. C., 156. *Contributory
negligence no defense to willful negligence:* 106 S. C.,
123.

*Messrs. Grier, Park & McDonald,* for respondent, cite:
*Step-ladder within simple tool doctrine:* 111 S. C., 387;
128 S. C., 390; 13 L. R. A. (N. S.), 687; 108 N. W., 516;

18 N. E., 30; 37 N. E., 721; 82 N. E., 955; 5 N. E., 56. *Plaintiff using ladder chargeable with knowledge of defects:* 13 N. E., 339; 78 N. Y. S., 617; 51 N. W., 328; 39 Corp. Jur., 762, 765; 18 R. C. L., 653. *Promise to repair not applicable in case of ladder:* 37 N. E., 721. *Contributory negligence:* 18 R. C. L., 687, 688.

March 14, 1927.

The opinion of the Court was delivered by Mr. Justice Blease.

Action for tort in the County Court of Greenwood County, tried by Hon. Henry C. Tillman, County Judge. There was a nonsuit, and the plaintiff has appealed to this Court.

In the complaint, it was alleged that plaintiff was employed by the defendant as an electrician, and, among his duties, he was required to oil and clean motors attached to the ceiling of the cotton mill; that in performance of his work it was necessary for him to use ladders; that while standing on a stepladder, tending to one of the motors, the same "sided" on account of being defective, threw plaintiff off, and as a result of his fall he sustained serious injury. Negligence on the part of the defendant, in these particulars, was alleged: Failure to furnish a safe place to work, and failure to furnish a safe and suitable stepladder.

The defendant entered a plea of general denial, and also set up the defense of assumption of risk and contributory negligence on the part of the plaintiff.

The plaintiff was the sole witness as to the accident and the cause thereof. His testimony went to this effect: He was thirty-nine years of age; had completed the ninth grade in school; was in good health and condition and had worked at various employment; that he entered the employ of the defendant three months prior to the date of his injury; while on top of a stepladder, oiling a motor, the ladder gave way and threw plaintiff to

the floor; that after his fall he saw that the braces of the runners of the ladder were pulled loose at the bottom; he did not notice this condition before he went up; after the accident, which he reported to his foreman, he was told by the foreman, "I like to broke my darn neck this morning on that same ladder," but the foreman did not give him this information prior to the accident. Three days before the accident, plaintiff asked for some new ladders, and was promised that some would be put in. The ladders used for oiling the motors included stepladders, ladders fastened to a platform, and hook ladders. Plaintiff used the ladder from which he fell on the day prior to the accident and almost every day while he was in defendant's employ. The ladder which slipped was in the room where the accident occurred, but there were several other ladders in plaintiff's department, and he could use any he desired. Plaintiff inspected ladders usually to see if they were all right before using them, but did not make any inspection on the day of his accident. The ladder was an ordinary stepladder. Plaintiff was well acquainted with stepladders and had made them.

The trial Judge directed a nonsuit on the ground that the stepladder came within the "simple tool doctrine"; that no reasonable inference could be drawn from the testimony showing actionable negligence on the part of the defendant; that the testimony showed that plaintiff assumed the risk, and also that he contributed to his own injury as proximate cause thereof.

We have not been pointed to any case in this State holding that an ordinary ladder is a simple tool or appliance. In a number of jurisdictions, it has been so held. 39 C. J., 762, and cases there cited.

The rule as to simple tools and appliances seems to be this:

"The rule as to the duty of the master in furnishing the servant with safe tools and appliances does not apply to

simple tools in common use and with which the master and servant are equally familiar." 39 C. J., 342.

We think the case here is very much controlled by *Richardson v. Union Seed Co.,* 111 S. C., 387; 98 S. E., 134, and *Evatt v. Piper Roofing Co.,* 128 S. C., 390; 123 S. E., 203. In the first case, it was held that the paint brush came within the "simple tool doctrine," and that as the plaintiff, with the opportunity to select a paint brush from a number of brushes, could not recover because he selected a defective brush.

In the *Evatt case,* it was held that a pair of pliers was a simple tool, the use of which involved no danger which could be reasonably anticipated, and the plaintiff was not allowed to recover because of a defect in the pliers.

Under the testimony here, we think the trial Judge was right in holding that an ordinary stepladder comes within the "simple tool doctrine," and that he was right in granting the nonsuit.

The judgment of this Court is that the exceptions be overruled, and the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.