13209

RODGERS v. PACIFIC MILLS

(159 S. E., 655)

*Messrs. Nelson & Mullins,* for appellant,

*Messrs. W. M. Graydon, W. M. Easterling* and *C. T. Graydon,* for respondent,

July 24, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the County Court for Richland County, October 3, 1930, is for damages on account of personal injuries alleged to have been sustained by the plaintiff, August 1, 1930, while in the performance of his duties as an employee of the defendant in the Olympia Mill, a plant owned by the defendant, when he was replacing a belt on a pulley which formed a part of the machinery of said plant, it being alleged that:

The plaintiff's said injury was "caused by the negligence, carelessness, recklessness, wilfulness, and wantonness of the defendant in the following particulars, to wit:

"A. In failing and neglecting to furnish this plaintiff a safe and proper place to work;

"B. In failing to furnish this plaintiff with proper appliances for safety and efficiency;

"C. In failing and allowing oil and other slick and dangerous substances to collect beneath the pulleys and on said shaft and in requiring this plaintiff to do dangerous work without the proper appliances for safety, without proper assistance and helpers and in failing to provide this plaintiff with proper instructions as to how said work should be done, all to plaintiff's damage in the sum of Three Thousand ($3,000.00) Dollars"

The defendant, by its answer, interposed the defenses of general denial, contributory negligence, and assumption of risk. The case was tried before Honorable M. S. Whaley, Judge of the said Court, and a jury, December 17, 1930, resulting in a verdict for the plaintiff in the sum of $500.00 actual damages. From entry of judgment on the verdict the defendant has appealed to this Court.

The appellant presents five exceptions, all of which are connected with the question as to whether or not the trial Judge charged the law correctly with regard to "the simple tool doctrine." It appears from the testimony

introduced by the plaintiff in response to the allegations of his complaint that in fixing the belt on the pulley in question the plaintiff used a ladder for the purpose of climbing up to the pulley and the shaft where the belt was located and, while thus engaged in his work, the ladder slipped and he was injured as a result thereof. In regard to the law concerning the use of a ladder the appellant requested the trial Judge to charge the jury as follows: "A ladder is a simple tool, and the rule as to the duty of the master in furnishing the servant with safe tools and appliances does not apply to simple tools in common use and with which the master and servant are equally familiar."

After charging the general law regarding the duties of the master to an employee, when his Honor, the trial Judge, reached the request presented, he charged on this question as follows:

"The defendant has asked me to charge you that 'a ladder is a simple tool, and the rule as to the duty of the master in furnishing the servant with safe tools and appliances does not apply to simple tools in common use and with which the master and servant are equally familiar.'

"Taken as a broad statement of the law that is not quite the law. The ladder is a simple tool. We all know that. There is nothing complicated about a ladder, nothing dangerous about a ladder. There isn't any complication inherent in it. So it is a simple tool. The law does make this definite, that it being a simple tool and not a complicated one, that it is an instrumentality of simple character different in character from complicated machinery. Our Court has said the duties of the master in regard thereto are not so strict but it does not say that it doesn't owe a duty at all. In other words, the master in anticipation of the work in furnishing that tool must use ordinary care and prudence to start with, or do what he ought to do in carrying out that duty of ordinary care and prudence in furnishing the simple tool, and that would not necessarily be what he would have to do in fur-

nishing a complicated dangerous piece of machinery. At the outset the Court would hold it to doing something more as to a complicated piece of machinery, one that would be dangerous.

"Now, if one is furnished with a simple tool, for example, and the master has used the ordinary care requisite in seeing that that tool, as a simple tool, is safe and suitable to start off with, and puts it in the hands or where the servant is to get it and use it, then the law itself steps in and says that thereafter the master does not have to inspect the tool. Why? Because if it is simple then unless something is shown why the servant could not inspect it and see for himself, the law could assume both were equally familiar with it and both could inspect it and if there was anything wrong with it, the servant could be able to see it as well as the master, and if he could see it, then it would be a question of whether he should have gone on and used it in the light of ordinary prudence on his part or whether he should have reported it before using it in bad condition.

"All of those things enter into it. There was a simple tool. Whether the master did his duty in regard to that tool in the light of what I have said, is for you to say. Whether or not it became dangerous after it was put there for use, whether the servant assumed the risk by using it if he knew it was dangerous, would be for you gentlemen to say under all the facts and circumstances of that particular occurrence. If he assumed the risk he would not be able to recover, if his injuries resulted from that risk or danger. If he did not assume the risk as to that, of course, that would not affect his case. His case would have to be decided otherwise."

It is the contention of the respondent that in charging the jury in the language above quoted, his Honor charged the law on this question more favorably to the defendant than the defendant was entitled to. We are unable to agree with this contention. The request by appellant was in the language used by this Court in the opinion in the recent case of *Roper*

*v. Ware Shoals Mfg. Co.,* 139 S. C., 48, 137 S. E., 210, and, we think, should have been charged. In disposing of the request his Honor did not say that he would charge the law as requested and explain its application to the issues involved in the case at bar, but he stated to the jury (referring to the request of the appellant above quoted) "taken as a broad statement of the law that is not quite the law," which was equivalent to saying that it was not the law. At least, in our opinion, it very likely had that impression on the jury. Taking his Honor's charge as a whole on the "simple tool doctrine," it is our opinion that it, in effect, deprived the defendant of the benefit of the law regarding the use of a simple tool, the ladder in question.

The exceptions are sustained, the judgment reversed, and the case remanded for new trial.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER, and BONHAM concur.